UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN B. LESESNE,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOE, <u>et al.</u>,<br><br>    Defendants. | Case No. 10-cv-00602 (CRC) |

## **MEMORANDUM OPINION**

Plaintiff John Lesesne alleges that he suffered physical injuries and emotional distress due to negligent treatment by the District of Columbia Department of Corrections ("DOC") while hospitalized for a gunshot wound following his arrest. He has sued the District of Columbia, the DOC, and several named and unnamed DOC employees. The Defendants move to dismiss or for summary judgment. Because Lesesne has failed to allege any custom or policy by the District that caused his injuries, and because he alleges no negligence by Defendant Henry R. Lesansky, the Court will dismiss these parties. The Court finds that Lesesne's statutory notice to the District put the city on notice of the necessary facts underlying his claims, and that Lesesne has adequately pled negligent infliction of emotional distress. It will therefore deny the Defendants' motion as to those claims.

**I.  Background**

Lesesne was shot in the abdomen by his brother, a D.C. police officer, who, according to a police report, Lesesne had attacked with a knife. Defs.' Mem. in Supp. of Mot. to Dismiss, Ex. 1 at 2. He was arrested and taken to a nearby hospital where he underwent surgery. During his ensuing hospital stay, Lesesne was in the custody of the District of Columbia Department of Corrections. In his amended complaint, Lesesne alleges that DOC personnel continuously

1

handcuffed him to his bed and ignored his attending physicians' requests that he be allowed to receive physical and occupational therapy, causing long-term injury. Id. ¶¶ 15–18. Later, when the hospital discharged him, DOC officers allegedly made Lesesne walk to a transport vehicle while shackled and then dropped him, causing a pulmonary embolism. Id. ¶¶ 20–22. After a second trip to a hospital and a return to the D.C. Jail, Lesense claims he contracted a staph infection because DOC denied him adequate medical treatment. Id. ¶¶ 26–28.

Lesesne brought suit in this Court against the DOC, the District of Columbia and three individuals: an unnamed DOC officer that oversaw his detention; Captain David Holmes, a DOC employee; and Henry R. Lesansky, a DOC health services administrator. His initial complaint listed sixteen claims, including for violations of the Fourth, Eighth, and Fourteenth Amendments, and intentional infliction of emotional distress. Compl. ¶¶ 27–42. Judge Wilkins, who was previously assigned to this case, granted the District's motion to dismiss for failure to exhaust administrative remedies under the Prison Litigation Reform Act, Pub.L. 104–134, 110 Stat. 1321, and for failure to state a claim for intentional infliction of emotional distress. Order, Dkt. 32 (Sept. 30 2011). The D.C. Circuit reversed as to Lesesne's federal claims. Mandate, Dkt. 35 (June 4, 2014). After remand, Lesesne filed an amended complaint alleging a violation of the Eight Amendment's prohibition against cruel and unusual punishment pursuant to 42 U.S.C. § 1983, negligence, and negligent infliction of emotional distress. The Defendants move to dismiss, or alternatively for summary judgment, as to Lesesne's constitutional claims against the District of Columbia and Dr. Lesansky, and his claims for negligence and negligent infliction of emotional distress against all Defendants. The Court held a hearing on the Defendants' motion on June 17, 2014.

## II. Standard of Review

To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 556. The complaint must contain more than "a formulaic recitation of the elements of a cause of action" and "naked assertion[s]" devoid of "further factual enhancement." Id. at 555, 557. The Court assumes the plaintiff's factual assertions to be true and draws all inferences in the plaintiff's favor. Id.

Summary judgment should be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). A dispute is genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. The "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255. The non-movant, however, must establish more than "the existence of a scintilla of evidence" in support of his position, id. at 252, and may not rely solely on allegations or conclusory statements. Greene v. Dalton, 164 F.3d 671, 675 (D.C. Cir. 1999).

## III. Discussion

The Defendants argue that (1) Lesesne's constitutional claim against the District of Columbia should be dismissed because the amended complaint does not allege any policy or custom by the District that caused his injuries; (2) the amended complaint fails to allege any actions by Dr. Lesansky that caused Lesesne's injuries; (3) Lesesne failed to provide notice of

his tort claims under D.C. Code § 12-309; and (4) the Defendants cannot be liable for negligent infliction of emotional distress because Lesesne's psychological well-being was not the primary basis of their relationship with him while he was detained. Defs.' Mot. to Dismiss at 1–2. The Court will address each of these arguments in turn.

### A. Plaintiff's Constitutional Claim Against the District

Lesesne brings this action under 42 U.S.C. § 1983, which permits suit against any person acting under state law for the deprivation of a plaintiff's constitutional and legal rights. The District of Columbia is considered a "person" for purposes of § 1983. See, e.g., Best v. Dist. of Columbia, 743 F. Supp. 44, 46 (D.D.C. 1990). "[I]n considering whether a plaintiff has stated a claim for municipal liability, the district court must conduct a two-step inquiry." Baker v. Dist. of Columbia, 326 F.3d 1302, 1306 (D.C. Cir. 2003). The court "[f]irst . . . must determine whether the complaint states a claim for a predicate constitutional violation." Baker, 326 F.3d at 1306. If so, then "the court must determine whether the complaint states a claim that a custom or policy of the municipality caused the violation." Id.[1]

Where, as here, the defendant is a municipality, "[d]eliberate indifference is determined by analyzing whether the municipality knew or should have known of the risk of constitutional violations, an objective standard." Baker, 326 F.3d at 1307 (citing Farmer v. Brennan, 511 U.S.

---

[1] Because "the Department of Corrections is not an entity capable of being sued separate from the District of Columbia," Carter-El v. Dist. of Columbia Dep't of Corr., 893 F. Supp. 2d 243, 247 (D.D.C. 2012), aff'd per curiam, No. 12-5357, 2013 WL 3367416 (D.C. Cir. July 5, 2013), it will be dismissed as a party to this action. See, e.g., Oladokun v. Corr. Treatment Facility, __ F. Supp. 2d __, 2013 WL 6147940, at *4 (D.D.C. Nov. 22, 2013). And because "it is duplicative to name both a government entity and the entity's employees in their official capacity" as defendants to an action, Robinson v. Dist. of Columbia, 403 F. Supp. 2d 39, 49 (D.D.C. 2005), Lesesne's claims against all individual defendants in their official capacities, see Am. Compl. ¶¶ 5–6, will be dismissed "as redundant and an inefficient use of judicial resources," Robinson, 403 F. Supp. 2d at 49 (internal quotation marks and citations omitted). The Court will allow claims against Defendant Holmes in his individual capacity to proceed pending discovery.

4

825, 841(1994)). "[I]t is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." Brown v. Dist. of Columbia, 514 F.3d 1279, 1283 (D.C. Cir. 2008) (citing Monell, 436 U.S. at 694). Plaintiff, then, must "allege[] an affirmative link . . . such that a municipal policy was the moving force behind the constitutional violation." Baker, 326 F.3d at 1206 (internal quotation marks and citations omitted).

Assuming for the sake of argument that Lesesne has stated a claim for a predicate constitutional violation,[2] his claim against the District still must be dismissed because the amended complaint fails to allege a custom, policy or practice of the District or the DOC that caused Lesesne's injuries. See, e.g., Yancey v. Dist. of Columbia, __ F. Supp. 2d __, 2013 WL 5931543, at *5–6 (D.D.C. Nov. 6, 2013) (dismissing § 1983 claim where plaintiff "has not provided any indication that her situation was the result of any custom, practice or policy of the District"); Poindexter v. D.C. Dep't of Corr., 891 F. Supp. 2d 117, 125 (D.D.C. 2012) (same). Indeed, Lesesne's counsel acknowledged at the hearing on this motion that the amended complaint does not identify any District policy or practice that led to Mr. Lesesne's injuries.

### B. Claims Against Dr. Lesansky

Dr. Lesansky, a health services administrator with the DOC, moves to dismiss the complaint as against him. Because the amended complaint lacks any factual allegation concerning Dr. Lesansky's personal involvement in the treatment Lesesne received, or did not

---

[2] While Lesesne brings his claim under the Eighth Amendment, that provision only applies to post-conviction detentions. E.g., Brogsdale v. Barry, 926 F.2d 1184, 1187 (D.C. Cir. 1991). As a pretrial detainee, Lesesne's claim is properly brought under the Fifth Amendment Due Process Clause's independent prohibition against the deliberate indifference of government officials to the substantial medical needs of detaineees. E.g., Powers-Bunce v. Dist. of Columbia, 479 F. Supp. 2d 146, 153 (D.D.C. 2007). Thus, the Court will proceed as if Lesesne's claims had been brought under the Fifth Amendment. See Oladokun v. Corr. Treatment Facility, __ F. Supp. 2d __, 2013 WL 6147940, at *5 n.8 (D.D.C. Nov. 22, 2013).

5

receive, while in DOC custody, the Court will dismiss all claims against him in his individual capacity. See Jones v. Horne, 634 F.3d 588, 602 (D.C. Cir. 2011) (dismissing prisoner's § 1983 claims against individual where complaint did not allege personal conduct causing alleged constitutional violations); Jeffries v. Dist. of Columbia, 917 F. Supp. 2d 10, 25–26 (D.D.C. 2013) (same); Way v. Johnson, 893 F. Supp. 2d 15, 22 (D.D.C. 2012) (same).

### C. Notice under D.C. Code § 12-309

Section 12-309 of the D.C. Code requires that a plaintiff seeking damages against the District of Columbia first give notice "of the approximate time, place, cause, and circumstances of the injury or damage." Compliance with Section 12-309 is a mandatory prerequisite to filing tort claims against the District of Columbia. E.g., Dist. of Columbia v. Dunmore, 662 A.2d 1356, 1359 (D.C. 1995); Gwinn v. Dist. of Columbia, 434 A.2d 1376, 1378 (D.C. 1981).

While Section 12-309 "is to be strictly construed," Gwinn, 434 A.2d at 1378, written notice for purposes of Section 12-309 is sufficient if it includes the approximate time, place, cause, and circumstances of the injury or damage. Washington v. Dist. of Columbia, 429 A.2d 1362, 1366–67 (D.C. 1981) (*en banc*). "[T]he adequacy of the circumstances described must be determined with reference to the purpose of the statutory notice requirement which is . . . to give the District timely information concerning a claim against it, so it may adequately prepare its defense." Washington, 492 A.2d at 1366 (citing Pitts v. Dist. of Columbia, 391 A.2d 803, 809 (D.C. 1987)) (internal quotation marks omitted). Section 12-309 "impose[s] only reasonable requirements upon claimants." Hurd v. Dist. of Columbia, 106 A.2d 702, 704 (D.C. 1954). As long as "the District is given facts that would allow it to comprehend through a reasonable investigation the circumstances underlying the claim, the notice is sufficient." Enders v. Dist. of Columbia, 4 A.3d 457, 468 (D.C. 2010) (citations omitted); see Washington, 429 A.2d at 1366

("[T]he circumstances must be detailed enough for the District to conduct a prompt, properly focused investigation of the claim.").

Lesesne provided his Section 12-309 notice in in a letter to the District's Office of Risk Management. The letter indicated that Lesesne's injury "occurred 30 March 08 through 30 April 08, while hospitalized for gunshot wound;" that his "'physician prescribed physical therapy'" was denied; that DOC handcuffed him "for the entirety of a 24 hour day;" that he suffered from "paralysis in leg due to nerve damage from gunshot wound;" and that he would provide medical records from two hospitals, P.G. Community and Greater Southeast. Defs.' Mem., Ex. 2 (Letter to Office of Risk Management from Plaintiff dated September 23, 2008).

The District maintains that Lesesne's notice was insufficient because it did not identify the specific location or time of his injury. The Court disagrees. The notice identifies the time period that Lesesne was in DOC's custody, including when he was allegedly cuffed to a hospital bed, mishandled while in transport, and denied physical therapy, all of which Lesesne claims resulted in his injuries. The notice also explains that Lesesne received treatment at two particular hospitals, including the hospital, Prince George's Hospital, where he was allegedly injured at the hands of the DOC. Although the District complains that the notice does not say specifically that Lesesne's injuries occurred at Prince George's, the District easily could have figured that out from the information provided. After all, the District itself brought Lesesne to Prince George's after his arrest and held him in custody there while he sustained his injuries. See, e.g., Hurd, 106 A.2d at 704–705 (letter provided sufficient notice despite listing incorrect address because the improper address, coupled with contextual information in the letter including a description of the building, allowed the District to reasonably determine the correct address); see also Allen v. Dist. of Columbia, 533 A.2d 1259, 1264 (D.C. 1987) (notice sufficient where it enabled the District to

7

initiate an investigation of its own police records that would reveal more specific information regarding the allegations). Moreover, the period of time listed in the notice accords with the period during which Lesesne was detained and sustained his injuries. That he alleges a denial of proper medical treatment over an extended period does not make his notice insufficiently precise as to the time of his injuries.

### D. Negligent Infliction of Emotional Distress

Under District of Columbia law, a plaintiff may recover for negligent infliction of emotional distress (NIED) under two tests. Under the well-established "zone of danger" test, a plaintiff may recover "if the defendant's actions caused [plaintiff physical injury or caused plaintiff] to be 'in danger of physical injury' and . . . , as a result, the plaintiff 'feared for his own safety.'" Hedgepeth v. Whitman Walker Clinic, 22 A.3d 789, 796 (D.C. 2011) (quoting Williams v. Baker, 572 A.2d 1062, 106) (D.C. 1990) (*en banc*)). Alternatively, the D.C. Court of Appeals permits NIED claims when an individual was not within the zone of danger where there is an "special relationship" between the parties:

> [A] plaintiff may recover for negligent infliction of emotional distress if the plaintiff can show that (1) the defendant has a relationship with the plaintiff, or has undertaken an obligation to the plaintiff, of a nature that necessarily implicates the plaintiff's emotional well-being, (2) there is an especially likely risk that the defendant's negligence would cause serious emotional distress to the plaintiff, and (3) negligent actions or omissions of the defendant in breach of that obligation have, in fact, caused serious emotional distress to the plaintiff.

Hedgepeth, 22 A.3d at 810–811.

Focusing solely on the "special relationship" test, Defendants contend that Lesesne's negligent infliction of emotional distress claim should be dismissed because "no one at the DOC undertook a relationship with the Plaintiff such that his emotional well-being was the subject and purpose of the engagement." Defs.' Mem. at 15. While that might be so, Defendants do not

8

explain why the zone of danger test—the more common means of establishing an NIED claim—would not apply in these circumstances. As the Attorney General's Office surely recognizes, the District may be liable under the zone of danger test if its "negligent conduct has put the Plaintiff in danger of bodily harm'" and resulted in serious emotion distress. Hedgepeth, 22 A.3d at 811 (citing Williams, 572 A.2d at 1067) (footnote omitted). Here, Lesesne claims that the District's "negligent conduct in denying physical and occupational therapy as directed by [p]laintiff's attending physicians," caused him to suffer "serious emotional distress" as well as "mental and emotional anguish and distress." Am. Compl. ¶¶ 50–51. By virtue of his custody, Lesesne thus adequately alleges that Defendants' negligence placed him within a "zone of danger" resulting in serious emotional harm, and the claim survives Defendants' motion to dismiss.

**IV. Conclusion**

For the reasons discussed above, the Court will grant Defendants' motion in part and deny it in part. Plaintiff's constitutional claims against the District of Columbia, all claims against the DOC, all claims against individual defendants in their official capacities, and all claims against Dr. Lesansky in any capacity will be dismissed. An order accompanies this Memorandum Opinion.

CHRISTOPHER R. COOPER  
United States District Judge

DATE:    August 21, 2014